IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE APPLICATION OF § | |
| MILLIARD PERKINS, § | |
|     TDCJ-CID #1220105, § | MISC. NO. C-07-32 |
| TO FILE SECOND OR § | |
| SUCCESSIVE HABEAS ACTION § | |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

This is a petition by a state prisoner incarcerated at the Garza East Unit in Beeville, Texas, to file a second or successive habeas petition (D.E. 1). Petitioner states that he was convicted of possession of a controlled substance in the 175th Judicial District Court in Bexar County, Texas (*Id.*).

### I. Background

Late last year while petitioner was incarcerated in the Bexar County Jail in San Antonio, Texas, he filed an application for habeas corpus relief in the United States District Court for the Western District of Texas. On December 6, 2006, that court ordered petitioner to either pay a filing fee or file a completed application to proceed *in forma pauperis* ("IFP") within 20 days. On December 14, 2006 petitioner filed a request with Bexar County jail asking to obtain either a six-month statement of his account, an IFP application, or to have the jail pay $5.00 from his account to the district court for his filing fee.

Petitioner asserts that Bexar County never sent the court the filing fee and did not otherwise respond to his request. On January 19, 2007, the district court dismissed petitioner's request for habeas relief for failure to prosecute pursuant to FED. R. CIV. P. 41(b), noting that petitioner had not paid the filing fee or completed the IFP application. Perkins v. Quarterman, No. SA-6-CA-1045-RF (W.D. Tex., Jan. 19, 2007). Petitioner subsequently was transferred to the Garza East Unit and he has now applied to this court for leave to file a second application under 28 U.S.C.A. § 2254, arguing that it was not his fault that the filing fee was never paid.

## II. Applicable Law

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6), and he was convicted by a court located in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because petitioner was convicted in Bexar County, it is more convenient for this action to be handled in the San Antonio Division of the Western District of Texas. The records of his conviction, the prosecutor and defense lawyer,

the witnesses, and the records of petitioner's first habeas petition are all located in the San Antonio Division of the Western District of Texas.[1]

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division. All pending motions are denied without prejudice, subject to re-urging after this action is transferred.

ORDERED this ___13___ day of April, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] It is not entirely clear that petitioner's application is "second or subsequent", requiring permission of the Fifth Circuit Court of Appeals for filing. *See Stewart v. Martinez-Villarreal*, 523 U.S. 637, 644-45, 118 S.Ct. 1618, 1622 (1998) (if a petitioner's claim is not actually adjudicated on the merits, a subsequent petition should not be considered "second or successive" within the meaning of the statute). The courts in the Western District of Texas, San Antonio Division are in the best position to make this determination.

3